Veale v. Keene Publishing          CV-98-135-SD  05/11/98
              UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


David T. Veale

        v.                                Civil No. 98-135-SD

Keene Publishing Corporation;
Thomas Carney;
Other Unknown Employees


                        O R D E R


        This matter is before the court on an objection to a Report

& Recommendation (R & R) of the magistrate judge.[1]  The court

also considers the effect of plaintiff's amended complaint.


1.  Background

        It appears that on March 1, 1995, The Keene Sentinel

published a brief news article reporting that one David Veal, age

39, of Keene, New Hampshire, was arrested for the driving of his

van upon a public sidewalk.  On March 3, 1995, the Sentinel

published a clarification to the effect that plaintiff pro se

_____

        [1]As with other of the pleadings, this objection is untimely
filed, as it was not filed within the ten-day limit of 28 U.S.C.
§ 636(b)(1)(C).  However, the court considers the objection in
the light of justice and judicial efficiency.

David T. Veale, of different age, address, and spelling of name than the arrestee, was not to be confused with the arrestee.

On March 4, 1998, plaintiff pro se filed in this court what he described as a "Complaint for Libel" against the Keene Publishing Corporation.[2]  The action was assigned to Judge McAuliffe, who reviewed it and, properly finding no allegations that would support federal jurisdiction, ordered the claim dismissed.  <u>See</u> 98-114-M, <u>Veale v. Keene Publishing Corp.</u>[3]

Undaunted, on March 11, 1998, plaintiff pro se filed what he now styled as a "Complaint for Violation of Civil Rights," naming as defendants therein Keene Publishing Corporation, Thomas Carney, and other unknown employees of the publisher.  Assigned to this judge, the complaint was initially reviewed by the magistrate judge.  28 U.S.C. § 636(b)(1)(B); Local Rule 4.3(d)(1)(B).

---

[2]The applicable statute of limitations, New Hampshire Revised Statutes Annotated (RSA) 508:4, II, requires that an action for libel be brought "only within three years of the time the cause of action accrued."

[3]Imbued with a spirit of charity, Judge McAuliffe also directed that plaintiff's filing fee be returned to him because of his pro se status.  However, among the multitude of pro se litigants who have filed actions in this court, Mr. Veale may more probably be classified as a "professional."  <u>See</u> <u>Veale v. State of N.H., et al</u>, Civ. No. 90-37-D; <u>Veale v. Town of Marlborough</u>, Civ. No. 90-503-D; <u>Veale v. Town of Marlborough</u>, Civ. No. 92-355-SD.

On April 14, 1998, the magistrate judge filed his R & R, which was to the effect that this complaint should be dismissed for failure to invoke the court's federal question subject matter jurisdiction. Document 2. On May 4, 1998, Veale filed his objection to the R & R (document 3), together with a proposed amended complaint (document 4).

## 2. Discussion

### a. Objection to R & R

As required, the court has conducted the requisite de novo review of the R & R. Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 49 (1st Cir. 1995). For reasons that follow, we accept same without modification.

Liberally read, the complaint, which invokes 42 U.S.C. § 1985(3),[4] alleges a conspiracy to libel Veale made by the publisher and its employees. Construed as a "private conspiracy," the allegations of the complaint must show (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' actions, and

---

[4] 42 U.S.C. § 1985(3) confers a private right of action for injuries occasioned when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ."

3

(2) that the conspiracy is aimed at interfering with rights that are protected against private, as well as official, encroachment. <u>Libertad v. Welch</u>, 53 F.3d 428, 446-47 (1st Cir. 1995) (citing <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 267-68 (1993)).

The complaint fails to meet either of these requirements of section 1985(3), and, as the magistrate judge correctly found, a failure to allege the necessary right protected against private action fails to invoke this court's federal question subject matter jurisdiction. Accordingly, the recommendation that the complaint be dismissed was a correct one.

### b.   The Amended Complaint

Thinking perhaps that the addition of public officials might somehow obviate the problems raised by the R & R, the amended complaint seeks to add as party defendants the arresting police officer, the Keene Police Department, and the City of Keene. However, the amended complaint fails for the same reasons as did the second complaint.

It is now clear that there is "no principled basis for distinguishing between public and private conspiracies" pursuant to 42 U.S.C. § 1985(3). <u>Aulson v. Blanchard</u>, 83 F.3d 1, 4 (1st Cir. 1996). Again, plaintiff is unable to establish "invidious

discrimination" against an identifiable group. Moreover, his inclusion of alleged violations of the state constitution do not serve to advance his quest for federal subject matter jurisdiction.

## 3. Conclusion

On three separate occasions within a single month, David T. Veale has attempted to establish a claim that falls within the federal subject matter jurisdiction of this court. On each such occasion, he has failed to do so.

The objection to the R & R of the magistrate judge is overruled, and the R & R is accepted without modification. The amended complaint is dismissed for its failure to set forth pleadings which establish federal subject matter jurisdiction in this court.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

May 8, 1998

cc:     David T. Veale, pro se